OPINION
{¶ 1} This is an appeal from the September 13, 2002, decision of the Coshocton Municipal Court granting Appellee Jessica Beagle's Motion for Summary Judgment and denying Appellant Wayne Mutual Insurance Company's Motion for Summary Judgment.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} The undisputed facts of this case are as follows:
 {¶ 3} On March 4, 2000, Appellee was involved in a single car accident. Appellee Jessica Beagle was driving the pickup truck with Richard Mullins and another teenage boy as passengers. The pickup truck was owned by Richard Mullins' mother, Vina Mullins, who carried a policy of insurance on same with Wayne Mutual Insurance Company.
 {¶ 4} At the time of the accident Jessica Beagle possessed a valid Temporary Instruction Permit. Both of the other two passengers were under twenty-one years of age.
 {¶ 5} Pursuant to its policy of insurance, Appellant paid its insured for the cost of the repair for the pickup truck and reasonable medical expenses incurred by Richard Mullins.
 {¶ 6} On February 25, 2002, Appellant filed a Complaint against Appellee in Coshocton Municipal Court for subrogation for damage and injury she caused as a result of the automobile accident.
 {¶ 7} Appellee filed an Answer and Counterclaim for Declaratory Judgment alleging that she qualified as an insured under the policy of insurance.
 {¶ 8} The parties each filed respective Motions for Summary Judgment following discovery.
 {¶ 9} On September 13, 2002, the trial court filed its Judgment Entry granting Appellee Jessica Beagle's Motion for Summary Judgment and denying Appellant Wayne Mutual Insurance Company's Motion for Summary Judgment.
 {¶ 10} Appellant appeals said decision, assigning the following errors for review:
ASSIGNMENTS OF ERROR
 {¶ 11} "I. The trial court erred in granting appellee's motion for summary judgment and denying appellant's motion for summary judgment."
 {¶ 12} "II. The trial court erred by not permitting the plaintiff'appellant to enforce the provisions, conditions and/or exclusions of its insurance contract."
 STANDARD OF REVIEW {¶ 13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 14} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 15} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citingDresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107. It is based upon this standard that we review appellant's assignments of error.
 I., II. {¶ 16} Appellant does not separately address its two assignments of error, so we too will address them simultaneously. Appellant maintains the trial court erred when it held that Appellee was an insured under the policy of insurance issued by Appellant to Vina Mullins. We disagree.
 {¶ 17} Under the policy of insurance issued to Mrs. Mullins by Wayne Mutual, the following are listed as insureds:
 {¶ 18} "Covered person" as used in this Part means:
 {¶ 19} "1. You or any family member for the ownership, maintenance or ise of any motor vehicle or trailer;
 {¶ 20} "2. Any person using your covered auto;
 {¶ 21} "."
 {¶ 22} "Your covered auto" refers to those vehicles listed on the declarations page. The Ford Ranger pickup truck is listed on the declarations page.
 {¶ 23} Appellee Jessica Beagle qualifies as a "covered person" pursuant to "2." above.
 {¶ 24} Appellant denies that Appellee is an insured, arguing that the following exclusions apply:
 {¶ 25} "We do not provide LIABILITY COVERAGE for any covered person:
 {¶ 26} "9. using or occupying a vehicle:
 {¶ 27} "(a) without a reasonable belief that the person is entitled to do so;
 {¶ 28} "10.
 {¶ 29} "11. who operates any motor vehicle and is 16 years of age or older and does not possess a valid operator's license or learner permit;
 {¶ 30} With regard to the above listed exclusions, we find that the deposition testimony of the Mrs. Mullins, Richard Mullins and Appellee Jessica Beagle demonstrates that Appellee had no reason to believe that she was driving the pickup truck without permission of the owner. Mrs. Mullins testified that while she repeatedly told her son not to allow his friends to drive the vehicle, she knew that he continued to do so. (V. Mullins Depo. at 12-14, 18-20). She also testified that while she held the title to the truck, her son Richard paid the loan payments and insurance premiums for the truck. (V. Mullins Depo. at 12). Vina Mullins testified that she never told Jessica that she was not allowed to drive the vehicle. (V. Mullins Depo. at 17-19).
 {¶ 31} Richard Mullins testified that he had allowed Jessica to drive the vehicle on numerous occasions and allowed her to drive on the day of the accident. (R. Mullins Depo. at 6). Richard Mullins testified that he never told Jessica that his mother had told him not to allow his friends to drive the vehicle. (R. Mullins Depo. at 12).
 {¶ 32} Jessica Beagle testified that she had driven the Mullin's pickup truck on at least ten other occasions. (J. Beagle Depo. at 13-14, 30-31). She testified that Vina Mullins had witnessed her driving said pickup truck on at least one occasion and never said anything to her about not driving said truck. (J. Beagle Depo. at 25-26). She also testified that she did not know that the truck was titled in the name of Vina Mullins. (J. Beagle Depo. at 15). Appellee also testified throughout her deposition that she believed that her temporary learner permit allowed to drive with a licensed driver eighteen years of age or older. She stated that Richard was allowing her to drive his vehicle with him present as the licensed driver to help her in completing the hours necessary toward obtaining her driver's license. Richard Mullins stated the same throughout his deposition.
 {¶ 33} Based on the above, we find that that Exclusion 9(a) does not apply in this case as Appellee had a reasonable belief that she was entitled to use the vehicle.
 {¶ 34} As to Exclusion 11, we find that such does not apply because Appellee was sixteen years of age and did possess a valid leaner permit.
 {¶ 35} Appellee testified that she thought she was in compliance with the conditions of her learner permit because one of the licensed drivers with her was eighteen years of age.
 {¶ 36} While Appellee may have been in violation of the law by operating a motor vehicle with only a learner permit without a licensed driver twenty-one years of age or older present, such does not preclude coverage under the insurance policy.
 {¶ 37} Based on the foregoing, we find Appellant's assignments of error not well-taken and deny same.
 {¶ 38} The decision of the Coshocton Municipal Court is affirmed.
By: Boggins, J., Gwin, P.J. and Farmer, J. concur.